```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT


VERA GRETCHYN MARINO,              :
                                   :
             Plaintiff,            :
                                   : Case No. 2:11-cv-241-wks
       v.                          :
                                   :
BANK OF AMERICA HOME LOANS and     :
BANK OF AMERICA CORPORATION,       :
individually and as successors     :
to the interests, credits,         :
liabilities of COUNTRYWIDE         :
HOME LOANS, INC.                   :
                                   :
             Defendants.           :


VERA GRETCHYN MARINO,              :
                                   :
             Plaintiff,            :
                                   : Case No. 2:11-cv-243-wks
       v.                          :
                                   :
COUNTRYWIDE HOME LOANS, INC.,      :
BANK OF AMERICA HOME LOANS, and    :
BANK OF AMERICA CORPORATION,       :
individually and as successors     :
to the interests, credits,         :
liabilities of COUNTRYWIDE         :
HOME LOANS, INC.                   :
                                   :
             Defendants.           :
```

**Memorandum Opinion & Order:**
**Defendants' Motion to Dismiss and Plaintiff's Motion for Leave**
**to Amend Complaint and Consolidate**

Plaintiff Vera Gretchyn Marino, pro se, brought two actions against Defendants Countrywide Home Loans, Inc. ("Countrywide"),

Bank of America, N.A. ("BANA"), and Bank of America Corporation ("BAC") (collectively, the "Defendants"), alleging fraudulent conduct related to a mortgage agreement entered into by Marino and Countrywide. Marino brings this suit pursuant to 28 U.S.C. §§ 1331, 1332, and 1337, seeking monetary damages, a rescission of the mortgage, and a judgment enjoining the Defendants from foreclosing her Winhall, Vermont property. The Defendants move to dismiss Marino's complaints pursuant to Federal Rule of Civil Procedure 12 (b) (6). In light of the Defendants' Motion to Dismiss, Marino moves to amend her complaints. Marino further seeks to consolidate her two pending actions against the Defendants. For the reasons set forth below, the Court GRANTS Marino thirty days for Leave to Amend Complaint and DENIES the Defendants' Motion to Dismiss as premature. Additionally, the Court GRANTS Marino's Motion to Consolidate.

**FACTUAL BACKGROUND**

Marino filed two complaints on October 5, 2011. The complaints are identical apart from one listing an additional defendant, Countrywide. The complaints' factual allegations are extremely limited: (1) a Countrywide agent solicited Marino "[i]n or about September, 2005," encouraging her to mortgage her Winhall, Vermont home and invest in real estate, stating that real estate "was on a wonderful upswing"; (2) at some point in

2

time, the agent represented that the mortgage rate would be 9.87%, which the agent warranted as a fair and legal lending rate; and (3) Marino and Countrywide closed on a $365,000 mortgage on October 6, 2005.

Marino ultimately concludes that Countrywide's representations concerning her mortgage were "false or excessive." She claims relief under fraudulent misrepresentation and concealment, consumer fraud, and the Truth in Lending Act ("TILA") as well as various other statutes.[1] Marino seeks damages in the amount of $743,000, a rescission of the mortgage, and a judgment enjoining the Defendants from foreclosing her Winhall property.

In response to Marino's complaints, the Defendants moved for Rule 12 (b) (6) dismissal, asserting the following: (1) Marino's complaints contain no factual allegations showing entitlement to relief; (2) Marino's claims based on fraudulent misrepresentation and concealment, consumer fraud, and TILA are time-barred; (3) all claims not time-barred rest on statutes conferring no right to relief; and (4) Marino asserts no claim against Defendant BANA or Defendant BAC.

---

[1] Marino claims relief under approximately fifteen statues, some of which do not exist: 15 U.S.C. §§ 1605, 1635, 1638, 1640, and 1641; 28 U.S.C. §§ 1331, 1337, and 2201; 9 V.S.A. §§ 104, "1461(b)," "2453m," and 2461; and 32 V.S.A. § 3108.

In response to the Defendants' Motion to Dismiss, Marino proposes amending her complaints to include additional "facts in support of the claims against defendants, and defendant[s'] false representations, knowledge thereof, and my reliance upon them." Marino further indicates her preparedness to identify the Countrywide agent who made the purported false representations. Also, according to her Motion for Leave to Amend Complaint, Marino is prepared to state exactly where and when the representations were made.

In addition to her Motion for Leave to Amend Complaint, Marino also moves to consolidate her two pending actions against the Defendants.

**DISCUSSION**

**I. Plaintiff's Complaints are Inadequately Pled, but Leave to Amend is Appropriate.**

When a plaintiff proceeds pro se, the court must read her complaint liberally and interpret it as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, a pro se complaint should not be dismissed without the court "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2012) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Indeed, even when a

4

plaintiff is represented by counsel, courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. (15)(a)(2). However, even a pro se complaint will be dismissed if continually pled inadequately. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Gorbaty v. Wells Fargo Bank, N.A., No. 10-CV-3291, 2012 WL 1372260, at *3 (E.D.N.Y. April 18, 2012).

An adequately pled complaint must allege facts showing a right to relief above "the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). When evaluating complaints, courts ignore conclusory statements, but take factual allegations as true. See Iqbal, 556 U.S. at 664. Striking all conclusory statements, the alleged facts in a complaint must plausibly establish a cause of action. See id. Thus, a pleading demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." See id. at 678.

A heightened pleading standard applies when a plaintiff alleges fraud. See Fed. R. Civ. P. 9(b). Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud," which requires that a complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." See id.; Rombach

v. Chang, 355 F.3d 164, 170 (2d Cir. 2004) (internal quotations omitted).

Furthermore, in order to pass the pleading stage, a plaintiff's claims cannot be time-barred. See Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003).

Marino's claims are inadequately pled. First, Marino's fraud claims fail under Rule 9(b). Although Marino states that a Countrywide agent falsely represented that a 9.87% mortgage rate was fair and legal and that real estate "was on a wonderful upswing," Marino's complaints do not identify the speaker, state where and when the statements were made,[2] or explain why the statements were fraudulent. Second, Marino's TILA claim fails because Marino does not explain in any way how Countrywide violated TILA; Marino merely states that she is entitled to relief under TILA.

Nevertheless, Second Circuit law requires that Marino be given leave to amend, since Marino proceeds pro se and since Marino's complaints give at least some indication that a valid

---

[2] Note that Marino's complaints do state that "[i]n or about September, 2005," a Countrywide agent stated that real estate "was on wonderful upswing," but that Marino's complaints provide no time frame whatsoever related to the agent's interest rate statements. Nevertheless, Marino is prepared to state exactly where and when all false statements were made in her Amended Complaint.

claim might be stated—namely, that at some specific time and place a specific agent of the Defendants' made some representation, which was fraudulent for some specific reason.

**II. Consolidation is Appropriate.**

When two or more actions before the court involve a common question of law or fact, the court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). Indeed, it is in the discretion of the trial judge to consolidate trials or try particular issues jointly. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990); Walker v. Deutsch Bank, AG, No. 04 Civ. 1921, 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005). In the name of efficiency and consistent results, courts generally favor consolidation where appropriate. See Malcolm v. Nat'l Gypsum Co., 995 F.2d 346, 353 (2d Cir. 1993); Walker, 2005 WL 2207041, at *2. These benefits, however, "can never be purchased at the cost of fairness." National Gypsum Co., 995 F.2d at 350; Walker, 2005 WL 2207041, at *2.

In this case, consolidation is appropriate because efficiency calls for consolidation and because no issues of fairness are present. On October 5, 2011, Marino filed two complaints. The complaints are identical to one another, except that one (ECF 11-cv-243) lists an additional defendant, Countrywide. That the other complaint (ECF 11-cv-241) fails to include Countrywide is presumably a result of typographical

7

mistake.  The Defendants raise no objection to Marino's Motion to Consolidate.  Consolidation is therefore appropriate in light of inefficiencies that would otherwise result.

## CONCLUSION

Because Marino proceeds pro se and because Marino's complaints provide some indication that a valid claim might be stated, the Court hereby GRANTS Marino thirty days for Leave to Amend Complaint and DENIES the Defendants' Motion to Dismiss as premature.  Additionally, the Court hereby GRANTS Marino's Motion to Consolidate.

SO ORDERED.

Dated at Burlington, this 22nd day of June, 2012.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge